**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JAVIER BARAJAS RAMIREZ,<br><br>    Defendant. | No. CR 02-3008-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
 *A.  Charges, Conviction, Sentencing, And Appeal* . . . . . . . . . . . . . . . 2
 *B.  The Motion To Vacate Sentence* . . . . . . . . . . . . . . . . . . . . . 4

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
 *A.  Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . 6
  *1.  Relief on the merits of the claims* . . . . . . . . . . . . . . . . . 6
  *2.  Entitlement to an evidentiary hearing* . . . . . . . . . . . . . . . 8
 *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . 9
  *1.  Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . 10
  *2.  Ineffective assistance of trial counsel* . . . . . . . . . . . . . . . 12
  *3.  Ineffective assistance of appellate counsel* . . . . . . . . . . . . . 14

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

This matter comes before the court pursuant to defendant Javier Barajas Ramirez's March 11, 2006, Motion To Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 70). In that motion, Ramirez seeks relief from his sentence on a drug-trafficking charge based on ineffective assistance by his trial counsel in failing to move for a safety-valve reduction in his sentence and ineffective assistance by his appellate counsel in failing to appeal the lack of a safety-valve reduction. The parties have briefed the issues presented, and the court finds the motion ripe for disposition.

## I. INTRODUCTION

### A. Charges, Conviction, Sentencing, And Appeal

In an Indictment handed down on February 13, 2002, defendant Ramirez was charged with possessing, with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The charge followed a traffic stop for speeding and a consent search of the vehicle in which Ramirez was the sole occupant. The search revealed a compartment behind the dash in which law enforcement officers eventually discovered twenty-five packages of methamphetamine weighing approximately 35 pounds. Ramirez went to trial before a jury on May 20, 2002, with Senior United States District Judge Donald E. O'Brien presiding. Ramirez testified at trial, explaining that he had been hired to drive the vehicle from Texas to Minnesota, but denying that he knew that the vehicle contained methamphetamine or any other controlled substances. On May 22, 2002, the jury convicted Ramirez of the charged offense, finding that Ramirez had possessed, with intent to distribute, 500 grams or more of a mixture or substance containing a detectable

amount of methamphetamine. On August 7, 2006, Judge O'Brien denied Ramirez's motion for judgment of acquittal or new trial.

Judge O'Brien held a three-day sentencing hearing, which began on December 19, 2002, continued on December 20, 2002, and concluded on December 26, 2002. The presentence investigation report (PSIR) calculated Ramirez's total offense level as 40, with a criminal history category of 1, resulting in a sentencing range of 292-365 months. However, Judge O'Brien found that Ramirez's role in the offense was minor, thus capping his offense level at 30, then reduced his base offense level another two levels for minor role to an adjusted offense level of 28. Judge O'Brien also rejected the two-level enhancement for obstruction of justice recommended in the PSIR. Consequently, Judge O'Brien concluded that Ramirez's total offense level was 28 and that his sentence would be the mandatory minimum of 120 months imprisonment for an offense involving 500 grams or more of methamphetamine mixture.

Although defense counsel argued that Ramirez qualified for the safety-valve reduction under 18 U.S.C. § 3553(f), the court expressed its doubt that a defendant who had gone to trial could qualify for a safety-valve reduction. The United States Probation Officer opined that going to trial did not preclude safety-valve eligibility, but that Ramirez, nevertheless, was not eligible for a safety-valve reduction, because he had not fully and truthfully provided the government with all information and evidence concerning the offense in question or other offenses that were part of the same course of conduct or common scheme or plan. The prosecutor agreed with the probation officer that going to trial was not mutually exclusive with safety-valve eligibility, adding that he had prosecuted a case in which the defendant had gone to trial and testified falsely, but after conviction had fully debriefed to the government, and was, consequently, entitled to a safety-valve reduction. In response to this statement, the court observed, "We don't have that here."

3

Sentencing Transcript at 54. Judge O'Brien ultimately denied the motion for a safety-valve reduction and sentenced Ramirez to the mandatory minimum sentence of 120 months. In a Supplemental Order To The Rulings From The Bench (docket no. 59), filed January 27, 2003, Judge O'Brien explained, in some detail, why he believed that the defendant's trial testimony was not untruthful, even though the jury had convicted him, such that an enhancement for obstruction of justice was not appropriate, and why the evidence supported reductions for Ramirez's minor role in the offense. The Supplemental Order did not, however, address Ramirez's counsel's motion for a safety-valve reduction.

Ramirez appealed his conviction, challenging Judge O'Brien's denial of his motion for judgment of acquittal and motion for new trial, but in an opinion dated March 26, 2004, the Eighth Circuit Court of Appeals affirmed his conviction. *See United States v. Ramirez*, 362 F.3d 521, 523 (8th Cir. 2004). Somewhat more specifically, the appellate court held that, "viewing the totality of the strong circumstantial evidence in the light most favorable to the government, as it must on a judgment of acquittal, the district court properly concluded the evidence was sufficient to support the jury's verdict." *Id.* at 525. The appellate court also held that "review of the factual circumstances in this case does not point to a gross miscarriage of justice," so that the appellate court also affirmed Judge O'Brien's decision to deny Ramirez a new trial. *Id.*

## B. *The Motion To Vacate Sentence*

On March 11, 2005, through counsel appointed at Ramirez's request, Ramirez filed his Motion To Vacate, Set Aside, Or Correct Sentence (docket no. 70), which is now before the court. In his motion, Ramirez originally asserted ineffective assistance of his trial counsel in failing to move for a safety-valve reduction in his sentence, ineffective

4

assistance by his appellate counsel in failing to appeal the lack of a safety-valve reduction, and failure of the sentencing judge to sentence him in accordance with the safety valve.

In an Initial Review Order, filed January 19, 2006 (docket no. 71), the court held that Ramirez's claims of ineffective assistance of trial and appellate counsel were not such that it plainly appeared that Ramirez was not entitled to any relief. *See* 28 U.S.C. § 2255 (the court shall dismiss the § 2255 motion if it plainly appears on the face of the motion and the files and the records in the case that the movant is not entitled to any relief). On the other hand, the court held that Ramirez's claim that Judge O'Brien should have sentenced him in accordance with the safety valve was a non-constitutional and non-jurisdictional claim that could have been raised on appeal, so that the claim was barred in post-conviction proceedings. *See Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (the "cause and prejudice" exception to exhaustion of § 2255 claims does not apply to nonconstitutional or nonjurisdictional claims that could have been raised on appeal, and such a claim cannot be raised in a § 2255 motion if it could have been raised on direct appeal, but was not). Therefore, the court dismissed the claim of improper sentencing, but set a briefing schedule on Ramirez's "ineffective assistance" claims.

Ramirez filed his brief on the remaining claims on February 28, 2006 (docket no. 73), but did not expressly request an evidentiary hearing on those claims. In a response filed March 28, 2006 (docket no. 77), the government resisted Ramirez's claims on the merits and asserted that Ramirez is not entitled to an evidentiary hearing on those claims.

The court will consider the merits of Ramirez's claims of ineffective assistance of counsel after considering the standards applicable to his § 2255 motion.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

#### 1. Relief on the merits of the claims

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review

of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *see Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's

7

ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

### 2. *Entitlement to an evidentiary hearing*

As the Eighth Circuit Court of Appeals recently explained,

> A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "the motion and the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. We review the district court's decision not to hold an evidentiary hearing for an abuse of discretion. *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001). "That standard is somewhat misleading, however, because review of the determination that no hearing was required obligates us to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo." *Id.* Therefore, in order to determine if [a movant under § 2255] is entitled to remand for an evidentiary hearing, we must consider the validity of his [claim for § 2255 relief]. *Id.*

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir. 2005). More specifically, "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, ___ F.3d ___, ___, 2006 WL 1389610, *1 (8th Cir. May 23, 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with

8

citation and quotation marks omitted). "In some cases, the clarity of the existing record on appeal makes an evidentiary hearing unnecessary, [but] [a]bsent such clarity, an evidentiary hearing is required." *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999). At the evidentiary hearing, if one is required, the defendant must establish that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623; *accord Latorre*, 193 F.3d at 1038 (quoting this standard from *Bousley*).

In this case, the court concludes that no evidentiary hearing is required, because Ramirez did not request such a hearing and, more importantly, because the record "conclusively show[s] that [Ramirez] is entitled to no relief" on either of his "ineffective assistance" claims, as the court will explain in more detail, below. 28 U.S.C. § 2255; *Ledezma-Rodriguez*, 423 F.3d at 835-36.

### B. Ineffective Assistance Of Counsel

The claims on which the court permitted Ramirez's motion for § 2255 relief to proceed are based on the alleged ineffective assistance of his trial and appellate counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United

9

States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Ramirez is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

### 1. *Applicable standards*

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, \_\_\_ F.3d \_\_\_, \_\_\_, 2006 WL 1458217, *8 (8th Cir. May 30, 2006) (quoting *Strickland*, 466 U.S. at 687). That showing

10

can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, ___ F.3d at ___, 2006 WL 1458217 at *8 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was deficient, the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, ___ F.3d at ___, 2006 WL 1458217 at *8 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does

11

not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

Ramirez contends that his counsel, who both tried and appealed his case, was ineffective in failing to move for a safety-valve reduction in his sentence, and then in failing to appeal the lack of a safety-valve reduction. The court will consider in turn the allegations of ineffectiveness of counsel at trial and on appeal.

### 2. *Ineffective assistance of trial counsel*

Ramirez's claim of ineffective assistance by his counsel at trial is that counsel failed to make a motion for a safety-valve reduction in his sentence.[1] This claim, however, fails

---

[1] As the Eighth Circuit Court of Appeals recently reiterated,

> "The 'safety valve' provision permits a district court to impose on a drug defendant a more lenient sentence within the otherwise applicable guidelines range if certain conditions are met." *[United States v.] O'Dell*, 204 F.3d [829,] 838 [(8th Cir. 2000)]. In order to qualify for safety-valve relief, a defendant must show, by a preponderance of the evidence, that:
>> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>> (3) the offense did not result in death or serious bodily injury to any person;
>> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined

(continued...)

on its initial premise, because counsel *did* move for a safety-valve reduction during Ramirez's sentencing.

More specifically, the Sentencing Transcript reflects that Ramirez's trial counsel argued as follows:

> [Ramirez's Counsel]: Well, Your Honor, I guess when you talk about that 120 [month] mandatory minimum, you know, of course, I would argue that he might qualify under [18 U.S.C. §] 3553(f) under safety valve because he has no criminal history and did attempt to cooperate with the government initially and only through the facts of the case was unable to be effective in that regard. He should be eligible to actually have the Court reduce the sentence below the 120-month mandatory minimum.

---

[1](…continued)
> in section 408 of the Controlled Substances Act; and (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).
*United States v. Soto*, ___ F.3d ___, ___, 2006 WL 1491728, *2 (8th Cir. June 1, 2006); *see also* U.S.S.G. § 5C1.2 (identifying the same five factors for safety-valve eligibility). The defendant has the burden to prove that he qualified for a safety-valve sentencing reduction under the statute and Sentencing Guidelines. *Id.* at ___, 2006 WL 1491728 at *1.

Sentencing Transcript at 53. It is equally clear from the Sentencing Transcript that the court considered whether or not Ramirez was eligible for a safety-valve reduction, but ultimately rejected a safety-valve reduction, because the case was not one in which Ramirez had sat down with the government after conviction at trial and fully debriefed. *Id.* at 54. Ramirez nowhere argues that his trial counsel's request that the court consider his safety-valve eligibility was untimely or that the timing of the motion somehow prevented a full and fair consideration of the question of his eligibility for the safety valve. Thus, there was no deficiency of the sort that Ramirez alleges in his trial counsel's conduct, and consequently, Ramirez has failed to establish the first prong of a claim of ineffective assistance by trial counsel. *See Ledezma-Rodriguez*, 423 F.3d at 836 (the first prong of an "ineffective assistance" claim is deficient performance by counsel); *Davis*, 423 F.3d at 877 (same). Where Ramirez has failed to show "deficient" performance by counsel, the court may deny his "ineffective assistance" claim without considering the "prejudice" prong. *See Walker*, 324 F.3d at 1040 (if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim).

Therefore, Ramirez's claim of ineffective assistance of trial counsel will be denied.

### 3. *Ineffective assistance of appellate counsel*

While it is clear that trial counsel raised the question of whether or not Ramirez was entitled to a safety-valve reduction at his sentencing, it is equally clear that his appellate counsel, the same attorney, did not reassert the issue on appeal. *See United States v. Ramirez*, 362 F.3d 521, 523 (8th Cir. 2004) (identifying the only issues on appeal as denial of Ramirez's motion for judgment of acquittal and motion for new trial). Nevertheless, the court is hesitant to hold that counsel was ineffective in making what appears to have been a strategic decision to assert only Ramirez's "best" issues on appeal. *Rice*, ___ F.3d

at \_\_\_, 2006 WL 1458217 at *8 ("'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'") (quoting *Strickland*, 466 U.S. at 690). Indeed, the court has considerable doubt that Ramirez has come anywhere close to overcoming the presumption that appellate counsel's conduct was competent in selecting the appropriate issues for appeal. *Id.* ("[T]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'") (quoting *Strickland*, 466 U.S. at 689). Thus, Ramirez's showing on the "deficient performance" prong of his claim of ineffective assistance of appellate counsel is not persuasive. *See Ledezma-Rodriguez*, 423 F.3d at 836 (the first prong of an "ineffective assistance" claim is deficient performance by counsel); *Davis*, 423 F.3d at 877 (same).

Even assuming for the sake of argument that appellate counsel's decision not to appeal the denial of a safety-valve reduction was "deficient," the court cannot find that Ramirez has shown the necessary "prejudice" to sustain his claim of ineffective assistance of appellate counsel. *See Ledezma-Rodriguez*, 423 F.3d at 836 (the defendant must also show "prejudice" from counsel's deficient performance to obtain relief); *Davis*, 423 F.3d at 877 (same). Again, to satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, \_\_\_ F.3d at \_\_\_, 2006 WL 1458217 at *8 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Ramirez cannot make such a showing.

First, contrary to Ramirez's contentions, the sentencing judge did not deny his request for a safety-valve reduction based solely on the misconception that a defendant who had gone to trial could not qualify for such a reduction. Although the sentencing judge did

15

initially take that position, both the probation officer and the prosecutor explained to the court that going to trial did not preclude safety-valve eligibility. *See* Sentencing Transcript at 53-54. Ultimately, the sentencing judge denied Ramirez's request for a safety-valve reduction on the ground that Ramirez had not, after trial and conviction, sat down with the government and fully debriefed. *See id.* at 54 (after the prosecutor explained that he had tried a case in which the defendant testified falsely at trial, but after trial and conviction, "decided to sit down with the government, fully debrief, and . . . was entitled to a safety valve reduction," and the sentencing judge observed, "We don't have that here.").

This court recognizes that the sentencing judge's final comment on the safety-valve issue may have muddied the waters concerning the basis on which he was denying a safety-valve reduction. The last word on the issue was the following:

> THE COURT: I'm not persuaded that he can get a safety valve here, and I may be wrong on that, but I never have given it a whole lot of thought, and I certainly have great respect for [the probation officer's] background in this situation.

Sentencing Transcript at 55. The sentencing judge did not expressly state that he was "not persuaded," because he still believed that a defendant who had gone to trial could not qualify for a safety-valve reduction, despite the comments of the probation officer and the prosecutor, or because he believed that Ramirez had not fully debriefed. This court acknowledges that the sentencing judge's reference to his respect for the probation officer's "background in this situation" may suggest the former. At the same time, the sentencing judge never stated that he would have given Ramirez a safety-valve reduction if Ramirez had not gone to trial. Whatever the ambiguity of the sentencing judge's final comment on the safety-valve issue, however, the one finding of fact that is clear on the record is that the sentencing judge found that he was not presented with a case in which the defendant

16

had testified falsely at trial, but after trial and conviction had decided to sit down with the government and fully debrief, and was, consequently, entitled to a safety valve reduction. *Id*. at 54.

Ramirez has combed the sentencing judge's post-sentencing Supplemental Order To The Rulings From The Bench for findings that he believes demonstrate that the sentencing judge found that he did, in fact, debrief fully and truthfully. He argues that these findings show that, but for the sentencing judge's misconception about the availability of a safety-valve reduction to a defendant who goes to trial, the sentencing judge would have given him a safety-valve reduction. The court is not persuaded.

It does not necessarily follow from denial of an enhancement for obstruction of justice that the defendant is necessarily eligible for a safety-valve reduction, where the standards for the two sentencing adjustments are not correlates. For example, the "obstruction of justice" enhancement requires that the defendant be found to have perjured himself in his trial testimony, that is, found to have given knowingly false testimony that was not the result of confusion, mistake, or faulty memory. *See, e.g., United States v. Lewis*, 436 F.3d 939, 945 (8th Cir. 2006); *United States Nichols*, 416 F.3d 811, 823 (8th Cir. 2005). In other words, an "obstruction of justice" enhancement, of the kind at issue here, depends upon whether the defendant lied during trial. In contrast, as the prosecutor pointed out in this case, the safety-valve reduction must be based on complete and truthful debriefing to the government, which may occur *after* trial and conviction. *See* 18 U.S.C. § 3553(f) (the safety-valve reduction requires, *inter alia*, that "*not later than the time of the sentencing hearing*, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the

17

defendant has complied with this requirement.") (emphasis added); *United States v. Soto*, ___ F.3d ___, ___, 2006 WL 1491728, *2 (8th Cir. June1, 2006); *see also* U.S.S.G. § 5C1.2 (identifying the same five factors for safety-valve eligibility). Thus, the sentencing judge could (and did) find that Ramirez had not perjured himself *at trial*, and could have rejected (and did reject) an obstruction-of-justice enhancement on that basis, but still could (and did) find that Ramirez had not fully debriefed *after trial*, and could have rejected (and did reject) a safety-valve reduction on that basis. At most, the sentencing judge's findings that Ramirez had not obstructed justice may show that there was a *possibility* that Ramirez could have qualified for a safety-valve reduction, but it is not enough for the defendant to show that the errors of appellate counsel in failing to appeal the safety-valve issue "'had some conceivable effect on the outcome of the proceeding.'" *Pfau*, 409 F.3d at 939 (quoting *Strickland*, 466 U.S. at 693).

Therefore, Ramirez's claim of ineffective assistance of appellate counsel fails on the "prejudice" prong, even if the court assumes, for the sake of argument, that appellate counsel's failure to assert the issue of a safety-valve reduction on appeal constituted "deficient" performance.

### III.  CONCLUSION

Upon the foregoing, Ramirez's March 11, 2005, Motion To Vacate, Set Aside, Or Correct Sentence (docket no. 70) is **denied in its entirety** as to each and every claim asserted therein.

**IT IS SO ORDERED.**

**DATED** this 13th day of June, 2006.

*Mark W. Bennett*
_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA